# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **LAURA NANCY CASTRO, et al.** | ) | |
| | ) | **CA B-07-218** |
| **Plaintiff,** | ) | **MEMBER CASE B-09-208** |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **HILLARY CLINTON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION

Michael T. Freeman, Port Director, U.S. Customs and Border Protection ("CBP"),

Brownsville, Texas, Port of Entry; Hillary Clinton, U.S. Secretary of State; Janet Napolitano,

Secretary, Department of Homeland Security; and the United States of America, (collectively

"Defendants") submit this opposition ("Opposition") to Plaintiffs' Application for Temporary

Restraining Order and Motion for Preliminary Injunction, and state as follows:

## I.    THE NATURE AND STAGE OF THE PROCEEDING

This Court should deny Plaintiffs' Application for Temporary Restraining Order and

Motion for Preliminary Injunction ("Application") (Docket No. 5) because Plaintiffs failed to

plead the facts necessary to support entry of such an extreme remedy.  All three Plaintiffs

applied for entry to the United States on August 24, 2009, at the Brownsville Bridge in

Brownsville, Texas.  (Application ¶ 13.)  As proof of their United States citizenship, Laura

Castro submitted her United States passport and Yuliana Castro submitted a U.S. birth

certificate, Texas ID and the receipt for her U.S. passport application.  Exhibits 2 and 3.

Trinidad Castro presented a laser visa so that she could enter.  (*Id.*)  Because of evidence of

possible fraudulent documents, CBP Officer Eliseo Cabrera interviewed Trininad Castro, and

subsequently, her daughters.  (*Id.*)  Trinidad Castro confessed that she purchased fraudulent U.S.

birth certificates for her daughters, so CBP Officer Cabrera processed her for expedited removal.

A true and correct copy of the Notice and Order of Expedited Removal she received is attached

as Exhibit 1.  Laura Castro and Yuliana Castro withdrew their applications for admission.  A true

and correct copy of Laura Castro's Withdrawal of Application for Admission (Exhibit 2) and

Yuliana Castro's Withdrawal of Application for Admission (Exhibit 3) are attached to this

Opposition as Exhibits 2 and 3.

Plaintiffs filed the Application on September 8, 2009, and on September 14, 2009,

Plaintiffs Laura Castro and Yuliana Castro  filed their Amended Points and Authorities in

Support of Motion for Preliminary Injunction.  ("Points and Authorities.") The brief was not

filed on behalf of Trinidad Castro, and in fact, it contains the admission that this Court has no

jurisdiction over her cause of action.  (Points and Authorities, p. 4.)

Plaintiffs' cannot meet any of the four factors necessary for granting a preliminary

injunction and temporary restraining order. Plaintiffs cannot demonstrate a substantial likelihood

of success on the merits of their claims, because this Court lacks jurisdiction over all of their

asserted claims.  Plaintiffs have failed to plead any facts that demonstrate a claim or a basis for

jurisdiction of a claim under 8 U.S.C. § 1503(a).[1]  In fact, the facts they plead demonstrate the

---

[1] Moreover, Plaintiffs fail to demonstrate that any such claim should be filed as part of
the coordinated proceedings under *Trevino, et al., v. Clinton, et al.,* CA B-07-218.  Trinidad
Muraira de Castro cannot assert a 1503 claim, as she is not a citizen/national.  Plaintiffs Yuliana

opposite. Yuliana Castro alleges that she applied for and has an application now pending for a passport. Thus any claim by her is not yet ripe. Plaintiff Laura Castro was issued a passport. Though that passport may be revoked on the basis of her mother's recent statement admitting to purchasing her U.S. birth certificate, Laura Castro does not have standing to bring such a claim unless her passport has been revoked. Plaintiffs also fail to allege the facts necessary to establish jurisdiction under the APA, and Plaintiffs cannot show that CBP failed to follow "fair procedures" in processing their applications for entry. Furthermore, Plaintiffs provide no evidence of any threat of irreparable injury. In fact, Plaintiff Laura Castro is in the United States, so her claim for relief is moot. Finally, Plaintiffs do not plead any facts to demonstrate, and cannot establish that, the threatened harm outweighs the potential injury to Defendants and that the injunction will not have an adverse effect on the public interest.

In addition, the three plaintiffs, Laura Castro, Yuliana Castro, and Trinidad Muraira de Castro, though related by blood, do not share legally or factually related claims. Trinidad Castro fails to allege any facts supporting this Court's jurisdiction over her claims. Yuliana Castro fails to plead any facts necessary to support a temporary restraining order or permanent injunction against Defendants. Laura Castro's claim for relief under Plaintiffs' Application is moot, as the Court granted the Application in part with respect to Laura Castro, and she entered the United States and received her documents in accordance with the Court's order.

This Court should deny Plaintiffs' Application, dismiss any claims under 8 U.S.C. § 1503, dismiss Defendant the Secretary of State from this action, sever this case from the cases

---

and Laura Castro failed to plead any facts supporting a claim for relief under 1503(a) and against the Secretary of State.

consolidated under *Trevino, et al., v. Clinton, et al.*, and sever any remaining individual claims.

## II.    STANDARD OF REVIEW

### A.    Legal Standard for Applying for a Temporary Restraining Order or a Preliminary Injunction.

As the Supreme Court has held, the purpose of both a preliminary injunction and a temporary restraining order is to preserve the status quo until a hearing on the merits of the case is held. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (the purpose of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be had."); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (the purpose of a preliminary injunction is to "preserv[e] the status quo and prevent irreparable harm just so long as is necessary to hold a hearing, and no longer."); *see also Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971) (the "central purpose" of a preliminary injunction is to "maintain the status quo."). A preliminary injunction, however, "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Black Fire Fighters Ass'n of Dallas v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990); *see also Justin Industries, Inc. v. Choctaw Securities, L.P.*, 920 F.2d 262, 269 (5th Cir. 1990) ("[c]ourts grant preliminary injunctions sparingly"). Furthermore, "the decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

When seeking a preliminary injunction or temporary restraining order, a movant must meet the burden of persuasion by demonstrating (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in immediate and irreparable injury, (3) that the threatened injury outweighs any damage that the injunction will cause to the adverse party, and (4) that the injunction will not have an adverse effect on the public interest. *Lakedreams v. Taylor*, *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009); *see also Sargent v. Genesco*, 492 F.2d 750, 770 (5th Cir. 1974) (finding that a preliminary injunction "requires a balancing of the probabilities of ultimate success on the merits with the consequences of court intervention at a preliminary stage"). If the movant fails to establish sufficiently *any* one of these four factors, the court should decline to issue a preliminary injunction. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Excuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

The preliminary injunction Plaintiffs seek is mandatory in nature, in that the Application does not request that Defendants cease an action, but rather seeks an order requiring Defendants to take some affirmative action. *See Cox v. City of Dallas*, 256 F.3d 281, 307 (5th Cir. 2001). Specifically, Plaintiffs ask this Court to order Defendants to (1) admit Yuliana Castro into the United States in a status that neither requires that Defendants concede that she is a U.S. citizen, or that she state that she is not, and (2) return to Yuliana Castro and Laura Castro all documents confiscated from them on August 24, 2009. (Amended Points and Authorities in Support of Motion for Preliminary Injunction, p. 4, "Points and Authorities," Docket No. 125.) The party seeking a mandatory injunction has the burden of showing a clear entitlement to relief under the facts and the law. *Exhibitors Poster Exch., Inc.*, 441 F.2d at 561. Understandably, courts are

5

especially reluctant to grant mandatory injunctions. *United States v. Campbell*, 897 F.2d 1317, 1323 (5th Cir. 1990). Moreover, "[m]andatory preliminary relief, which goes beyond simply maintaining the status quo *pendente lite*, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976); *see also Miami Beach Federal Sav. & Loan Assoc. v. Callander*, 256 F.2d 410, 415 (5th Cir. 1958) (a mandatory preliminary injunction "should *not* be granted except in *rare circumstances* in which the facts and law are *clearly* in favor of the moving party.") (emphasis added).

### B. Legal Standard Regarding Subject Matter Jurisdiction.

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Plaintiff has the burden of establishing the jurisdiction of this Court. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *accord Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir.1984). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the Courts on their own initiative even at the highest level"); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (holding that a "federal court may raise subject matter jurisdiction sua sponte").

## III.    CLAIMS OF TRINIDAD MURAIRA DE CASTRO

### A.    Trinidad Castro Fails To Plead Any Facts Demonstrating Jurisdiction By This Court Over Any of Her Claims.

Plaintiffs' Points and Authorities does not assert that Trinidad Muraira de Castro seeks any injunctive relief under this Application.  In fact, as Plaintiffs concede in their Points and Authorities, this Court has no jurisdiction to review her removal order in this case.[2]  (Points and Authorities, p. 5, n. 10.)  This Court lacks jurisdiction over all claims by Plaintiff Trinidad

---

[2] Plaintiffs are correct in making this concession.  Judicial review of orders of removal issued under 8 U.S.C. § 1225(b)(1), is authorized by 8 U.S.C. § 1252(e), which places significant limitations on the scope of judicial review of such removal orders.  *See also Brumme v. I.N.S.*, 275 F.3d 443, 447 (5th Cir. 2001).  Judicial review of any determination made under Section 1225(b)(1) is available in habeus corpus proceedings, but is limited to determinations of the following three factual questions:

    (1)     whether the petitioner is an alien;

    (2)     whether the petitioner was ordered removed under Section 1225(b)(1); and

    (3)     whether the petitioner can prove by a preponderance of the evidence that he has achieved lawful permanent resident status, has been admitted as a refugee, or has been granted asylum.

8 U.S.C. § 1252(e)(2).  In determining whether an alien has been ordered removed, "the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner.  There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal."  8 U.S.C. § 1252(e)(5).  Further, under Section 1252(e)(1), no court may enter declaratory or injunctive relief in any action pertaining to an expedited removal order unless the alien can show that it was prohibited as a matter of law, nor may any court certify a class under Fed. R. Civ. P. 23 in any action for which judicial review of an expedited removal order is authorized.  8 U.S.C. § 1252(e)(1)(A) & (B).

    The answers to the three questions above show unequivocally that there is no review.  In her Application, Trinidad Castro alleges that she is an alien (Application ¶ 5) and that she was subjected to expedited removal (Application ¶ 17).  She does not allege any facts proving that she achieved lawful permanent resident status or that she had been admitted as a refugee or been granted asylum status.  (*See* Application.)

Castro. She is not a citizen or national of the United States. As the Fifth Circuit held in *Hernandez v. Cremer*, 913 F.2d 230 (5th Cir. 1990), "an alien and a United States citizen seeking entry into the United States are not owed the same process." *Hernandez*, 913 F.2d at 237. Aliens are "only owed that which Congress, through the Attorney General, deems appropriate." *Id.* Accordingly, the "fair procedures" outlined in *Hernandez* are not owed to Trinidad Castro. In fact, the Immigration and Nationality Act requires that "all aliens . . . who are applicants for admission . . . shall be inspected by immigration officers." 8 U.S.C. § 1225(a)(3).

Trinidad Castro alleges that she challenges "the means by which the false confession was extracted, rather than the removal order itself," and seeks a declaration that it is false; however, she provides no statutory basis under which the United States has waived sovereign immunity and consented to suit for such a declaration. She does not plead any jurisdictional basis for such a suit in this action. Accordingly, this Court lacks jurisdiction over all claims for relief of Trinidad Castro, and she should be dismissed from this action with prejudice.

## IV.   CLAIMS OF LAURA NANCY CASTRO

### A.   Laura Castro Cannot Show That She Will Suffer Irreparable Harm Because The Court Has Already Granted The Application With Respect To Her, So Her Claims Are Moot.

On September 10, 2009, this Court entered an Order granting in part Petitioners' Application with respect to Laura Castro. In accordance with this Court's Order she was admitted at the Brownsville, Texas, port of entry and in an agreement with her counsel, most of her documents were returned to her. Laura Castro's claim for a preliminary injunction is now moot. She is in the United States. To the extent she seeks further injunctive relief, Laura Castro

did not plead the facts necessary to establish that she will suffer irreparable harm because she is already in the United States, and she has been issued a passport. Further, this Court has no jurisdiction over any of her claims, and therefore, Laura Castro cannot demonstrate a substantial likelihood of success on the merits of her claims.

**B.      This Court Lacks Jurisdiction to Consider Any Claims Under Section 1503 By Laura Castro, So She Cannot Demonstrate A Substantial Likelihood of Success On The Merits Of Her Claim.**

Laura Castro also asserts a  claim for relief under 8 U.S.C. § 1503(a), which provides for a cause of action for any person within the United States who claims a right or privilege as a national of the United States and is denied such right or privilege by any agency of the United States government.  An action under Section 1503 "may be instituted *only* within five years *after the final administrative denial* of such right or privilege."  8 U.S.C. § 1503(a).  (emphasis added.).  Laura Castro fails to meet the statutory requirements for jurisdiction under Section 1503(a).  There has been no final administrative denial of any right or privilege.  She was issued a U.S. passport. Thus, at present, she has no claim against the State Department.  She is in the United States, and has no claim against CBP or any other defendant.  Thus, at this point in time, she has no 1503(a) claim.  It may be that in the future, based on the statement of her mother, the Department of State may revoke her passport. If or when that happens, she must first exhaust all appropriate and required administrative procedures challenging such a  revocation before pursuing an action in District Court. (See 22 C.F.R. § 51.62;22 C.F.R. § 51.70.  However, in this action, she cannot met the statutory requirements of Section 1503(a) necessary to seek a declaration of nationality.  Accordingly, there is no jurisdiction for any claims against the Secretary of State, or any agency. To the extent there were any remaining claims by Laura

9

Castro, they should be severed both from any remaining claims of the other two plaintiffs and from the coordinated litigation *Trevino, et al., v. Clinton, et al.,* under Fed. R. Civ. P. 21.

Further, Laura Castro has not met the statutory requirements for jurisdiction under 8 U.S.C. § 1503(a) to challenge any actions by the Department of Homeland Security. Laura Castro withdrew her application for admission to the border. (Application p 17.) Accordingly, there is no final administrative denial of her right of entry which can be challenged under Section 1503. Laura Castro has failed to plead the facts necessary to establish this Court's jurisdiction under 8 U.S.C. § 1503(a) for any of her claims.

> **B. Laura Castro Cannot Demonstrate Substantial Likelihood of Success On the Merits Of Her Remaining Claims Because CBP Followed Proper And Fair Procedures in Interviewing Her Once They Determined That Her Passport Was Obtained By Fraud.**

In *Hernandez v. Cremer*, the Court of Appeals affirmed an injunction entered by the U.S. District Court for the Western District of Texas mandating that the INS had to follow certain procedures to provide procedural due process for applicants for admission to the United States who have certain types of documentary evidence of U.S. citizenship. 913 F.3d at 239. The Court did limit its order by stating that "[t]his order shall apply to the Del Rio, Lake Amisted, and Eagle Pass ports of entry within the San Antonio Division of the INS." *Id.* United States citizens who apply for admission at any point of entry are owed procedural due process under the Fifth Amendment of the U.S. Constitution. *Id.* at 237. However, the specific procedures laid out in *Hernandez* are not the only procedures immigration officers must follow to provide procedural due process, particularly because immigration officers at ports of entry outside of the San Antonio Division cannot be expected to follow the specific terms of an injunction which, by order of the Fifth Circuit, does not apply to their port.

In this case, because CBP obtained evidence that Laura Castro's passport was obtained by fraud, she was interviewed by a CBP officer.  *See* 8 C.F.R. § 235.1 (if a person with evidence of U.S. citizenship seeking entry fails to "satisfy the examining immigration officer that he or she is a U.S. citizen, he or she shall thereafter be inspected as an alien.")  Laura Castro signed a form withdrawing her application for entry, which the immigration officer may permit an applicant for admission to do in lieu of entering removal proceedings.  8 C.F.R. § 235.4.  ("The Attorney General, in his or her discretion, may permit any alien applicant for admission to withdraw his or her application for admission in lieu of removal proceedings.")  She was not issued a Notice to Appear, one of the procedures described in *Hernandez*, because she withdrew her application in lieu of a hearing before an immigration judge.  Thus, Castro's assertion that CBP failed to follow proper and fair procedures must be denied.

## V.     CLAIMS OF YULIANA CASTRO

### A.     Yuliana Castro Fails to Allege the Facts Necessary To Establish Jurisdiction Over Any of Her Claims, So She Cannot Demonstrate That She Has Any Likelihood of Success On the Merits Of Her Claim, And She Is Not Entitled To Injunctive Relief.

Yuliana Castro cannot demonstrate that there is a substantial likelihood of success on the merits of her claim, because she has not plead the facts necessary to establish jurisdiction over her claim under 8 U.S.C. § 1503(a).  Yuliana Castro alleges that she applied for a U.S. passport in January of 2009 and  that this  passport application is still pending.  Accordingly, there has been no final administrative denial of her passport application, and she cannot demonstrate a claim or jurisdiction under 8 U.S.C. § 1503(a).  Thus, her 1503 claim should be dismissed. If

11

there were to be any remaining claims, they should be severed from those of the other plaintiffs and from the cases consolidated under *Trevino v. Clinton*.

Yuliana Castro though does not have any additional claims properly before this Court. She has not met the statutory requirements for jurisdiction under 8 U.S.C. § 1503(a) to challenge any actions by the Department of Homeland Security. Yuliana Castro withdrew her application for admission to the border. (Application p 17.) Accordingly, there is no final administrative denial of her right of entry which can be challenged under Section 1503. Yuliana Castro has failed to plead the facts necessary to establish this Court's jurisdiction under 8 U.S.C. § 1503(a) for any of her claims.

Furthermore, Yuliana Castro has not plead the facts necessary to establish jurisdiction for habeas corpus proceedings under 8 U.S.C. § 1503(c), because she has not demonstrated that she complied with the statutorily required prerequisites to asserting such jurisdiction. If a person who is <u>not</u> within the United States claims a right or privilege of a United States national and it is denied, she must follow the procedures dictated in 8 U.S.C. § 1503(b) to establish jurisdiction for a habeas corpus proceeding under 8 U.S.C. § 1503(c). Specifically, she must apply for a certificate of identity at the U.S. consulate, which she can then use to apply for admission to the United States. Section 1503(b) provides for administrative review if a consular officer denies an application for a certificate of identity. *Id.* Once a person who has been issued a certificate of identity under U.S.C. § 1503(b), applies for admission under that certificate and then receives a final determination that she is not entitled to such admission to the United States, she has met the prerequisites to jurisdiction over a petition for habeas corpus under 8 U.S.C. § 1503(c). Yuliana

Castro has not done this. This Court therefore lacks jurisdiction over the claims she brings in her petition for habeas corpus.

Though Yuliana asserts a claim under the Administrative Procedures Act for delay in adjudicating her passport application, she concedes that her application is still pending and that she only recently complied with a request for further information. (Application ¶ 12.) Thus her APA claim is not ripe. Nor is it proper. Once a determination is reached on her application, she may pursue a remedy under 1503 if that application is denied. Similarly any claim for mandamus relief is improper at this stage.

Furthermore, Yuliana Castro has not alleged, much less demonstrated, a substantial likelihood of success on the merits of any of the claims she asserts regarding *Hernandez v. Cremer, supra*. She submitted a U.S. birth certificate showing that she was delivered by a midwife suspected of fraud. (Application ¶ 13.) The officer then interviewed her and her mother regarding the circumstances of her birth. *Id.; see* 8 C.F.R. § 235.1 (if a person with evidence of U.S. citizenship seeking entry fails to "satisfy the examining immigration officer that he or she is a U.S. citizen, he or she shall thereafter be inspected as an alien.") Following her mother's statement admitting to purchasing her birth certificate, Yuliana Castro then chose to withdraw her application for entry, which the immigration officer may permit an applicant for admission to do in lieu of entering removal proceedings. 8 C.F.R. § 235.4. ("The Attorney General, in his or her discretion, may permit any alien applicant for admission to withdraw his or her application for admission in lieu of removal proceedings.") She was not issued a Notice to Appear, one of the procedures described in *Hernandez*, because she withdrew her application in

13

lieu of a hearing before an immigration judge. Thus, Castro's assertion that CBP failed to follow proper and fair procedures must be denied.

### B. Yuliana Castro Provides No Evidence That She Will Suffer Irreparable Harm That Would Necessitate Injunctive Relief.

Yuliana Castro did not allege, nor can she demonstrate, that she suffered irreparable harm necessitating injunctive relief. She alleges medical conditions, but she does not attach any evidence, let alone anything from a doctor, hospital or pharmacy, establishing that she suffers from any diagnosed medical conditions, or that they require that she seek treatment in the United States. *See Zuniga v. University Health System*, 71 Fed.Appx. 293, 2003 WL 21659625 *1 (5th Cir. 2003) (Affirming district court's denial of injunctive relief when plaintiff relied on conclusional allegation backed by no medical opinion.)

Even if her passport application is subsequently denied, she has the opportunity to pursue an appropriate action following completion of the required procedures. Although she alleges that she was mistreated, she fails to allege, and provide evidence of, any specific allegations of mistreatment, except for the general allegations that she was examined for several hours at the port of entry, a procedure which is authorized under 8 U.S.C. § 1225(b)(5) and 8 C.F.R. § 235.1. Bald allegations, without specific factual and legal support, are not sufficient to necessitate the granting of injunctive relief, and therefore, she fails to demonstrate any irreparable injury. *See Johnson v. Kegans,* 870 F.2d 992, 999 (5th Cir. 1989) (failure to allege specific facts showing irreparable injury precludes preliminary injunctive relief). Yuliana Castro's allegations, and Laura Castro's as well, of irreparable injury in this case, in fact, are speculative and uncertain. Such tentative and possibly remote harm does not afford sufficient ground to issue an injunction. "Injunction issues to prevent existing or presently threatened

14

injuries.  One will not be granted against something merely feared as liable to occur at some

indefinite time in the future."  *Connecticut v. Massachusetts*, 282 U.S. 660, 669 (1931); *see also*

*Wisconsin Gas Co. V. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (In order to show irreparable

harm, a plaintiff must demonstrate that the injury it will suffer is "both certain and great; it must

be actual not theoretical.")

## VI. LAURA CASTRO AND YULIANA CASTRO FAIL TO ALLEGE THE FACTS NECESSARY TO ESTABLISH THE REMAINING ELEMENTS FOR INJUNCTIVE RELIEF.

None of the plaintiffs make any allegations, nor can they demonstrate, that the balance of

the potential harm outweighs the harm an injunction would inflict on Defendants.  Similarly,

Plaintiffs do not allege that an injunction would serve the public interest.  The harm to the United

States and the public interest in this case are related: CBP enforces the relevant provisions of the

Immigration and Nationality Act in accordance with the statutory and regulatory scheme created

by Congress.  When presented with evidence of fraud, CBP has a duty to follow appropriate

procedures to ensure that the laws it enforces are followed.  Congress provided for procedural

due process by creating various avenues through which applicants who are denied entry may

seek review as discussed above.  Furthermore, a judicial determination of the procedures CBP

must follow could place onerous burdens on an agency that must process numerous applicants

per year at the Brownsville port of entry.

## VII. CONCLUSION

Plaintiffs have failed to allege, nor can they demonstrate, that they satisfy any of the four elements necessary to be eligible for the extreme remedy of injunctive relief. Accordingly, Plaintiffs' Application should be denied with prejudice.

Respectfully submitted,

TIM JOHNSON
Acting United States Attorney
Southern District of Texas

TONY WEST
Assistant Attorney General
Civil Division

VICTOR RODRIGUEZ
Assistant U.S. Attorney

ELIZABETH J. STEVENS
Assistant Director, District Court Section

s/ Julie S. Saltman
JULIE S. SALTMAN
Trial Attorney, District Court Section
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 532-4252
Fax: (202) 305-7000
E-Mail: julie.saltman@usdoj.gov

DATED this 16th day of September, 2009.

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September, 2009, I electronically filed the

foregoing with the Clerk of the United States District Court for the Southern District of Texas

using the CM/ECF System.  The following participants, as identified on the Notice of Electronic

Filing, has received notice electronically:

Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, TX 78586

Jaime M. Diez
JONES & CRANE
P.O. Box 3070
Brownsville, TX 78523

Attorneys for Plaintiffs

  s/ Julie S. Saltman
JULIE S. SALTMAN
Trial Attorney, District Court Section
U.S. Department of Justice, Civil Division

# Exhibit 1

SEP-11-2009 14:44 FROM-CBP AST CHIEF COUNSEL 3253 FAX BOS Document 236-15 Filed in TXSD on 09/08/09 Page 2 of 26635
09/11/2009  09:40    9569635886                     FAX APD                          PAGE  07

**U.S. Department of Justice**

Immigration and Naturalization Service            **Notice and Order of Expedited Removal**

_____

### DETERMINATION OF INADMISSIBILITY

File No: <u>A087 592 447</u>

Date: <u>August 24, 2009</u>

In the Matter of: <u>TRINIDAD MURAYRA DE CASTRO</u>

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Immigration and Naturalization Service has determined that you are inadmissible to the United States under section(s) 212(a) ☒ (6)(C)(i); ☐ (6)(C)(ii); ☐ (7)(A)(i)(I); ☐ (7)(A)(i)(II); ☐ (7)(B)(i)(I); and/or ☐ (7)(B)(i)(II) of the Act, as amended, and therefore are subject to removal, in that:

1) On or about 08/29/2001, you sought to procure (or you procured) a visa, other documentation, or admission into the United States or other benefit provided under the Immigration and Nationality Act, by fraud or by willfully misrepresenting a material fact.

ELISEO CABRERA
CBP OFFICER
Name and title of Immigration officer (Print)                    Signature of Immigration officer

_____

### ORDER OF REMOVAL
### UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

F GERARD ROBERTSON
SUPERVISORY CBP OFFICER
Name and title of immigration officer (Print)                    Signature of immigration officer

JESUS BAEZ
CHIEF CBP OFFICER
Name and title of supervisor (Print)                            Signature of supervisor, if available

☒ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty).

_____

### CERTIFICATE OF SERVICE

I personally served the original of this notice upon the above-named person on  <u>8/24/09</u>
(Date)

Signature of immigration officer

Form I-860 (Rev. 4-1-97)

U.S. Department of Justice

Immigration and Naturalization Service

## Jurat for Record of Sworn Statement in
## Proceedings under Section 235(b)(1) of the Act

Q: Why did you leave your home country or country of last residence?

A. N/A

Q.  Do you have any fear or concern about being returned to your home country or being removed from the United States?

A. No.

Q.  Would you be harmed if you are returned to your home country or country of last residence?

A. No.

Q. Do you have any question or is there anything else you would like to add?

A. No

I have read (or have had read to me) this statement. consisting of __1__ pages (including this page).  I state that my answers are true and correct to the best of my knowledge and that this statement is a full, true and correct record of my interrogation on the date indicated by the above named officer of the Immigration and Naturalization Service.  I have initialed each page of this statement (and the corrections noted on page(s)_____).

Signature: TRINIDAD MORAYRA DE CASTRO

Sworn and subscribed to before me at BROWNSVILLE-MATAMOR. TX. POB on August 24, 2009 .

ELISEO CABRERA
CBP OFFICER
Officer, United States Immigration and Naturalization Service

Witnessed by:

I-867B (4-1-97)

# Exhibit 2

Case 1:07-cv-00287 Document 130-1 Filed in TXSD on 09/18/09 Page 5 of 26
SEP-11-2009 14:32 FROM:CBP AST CHIEFCOUNSEL 9567531785      TO:9128285788      P.32/39

09/11/2009  09:29    9569835806                PAX APD                          PAGE 30

FINS: 1094161180                                              Event No: BRN3900000155

U.S. Department of Justice

Immigration and Naturalization Service    **Withdrawal of Application for Admission/Consular Notification**

Basis for Action *(check all that apply)*                   File No. A087 592 458

                                                            Date: 08/24/2009

☐      Application for Admission Withdrawn
☐      Visa/BCC Canceled
☐      VWPP Refusal
☐      Ordered removed (inadmissible) by Immigration Judge -Section 235(b)(2)(order attached)
☒      Ordered removed (inadmissible) by INS - Section 235(b)(1)(order attached)
☐      Waiver revoked (212)(d)(3) (order attached)
☐      Departure required (8 CFR 240.25) (Form I-213 attached)

Notice to: American Consul   Matamoros, Tamaulipas, Mexico   From: USINS   BROWNSVILLE-MATAMOR. TX, POE
                             *(Location)*                                  *(Location)*

| | | |
|---|---|---|
| Name (FAMILY, Given, Middle)<br>CASTRO, LAURA NANCY | | |
| Citizenship<br>MEXICO | Country of birth<br>MEXICO | Date of birth<br>04/22/1980 |
| Complete foreign address (Mailing Address<br>CANADA AZUL 124 COLONIA VALLE DORADO<br>MATAMOROS TAMAULIPAS MEXICO | | |
| Complete U.S. address<br>COLONIA MEXICO ROCA CHICA LA AMISTAD APARTMENTS Apt 69<br>BROWNSVILLE TEXAS 78521 | | |
| Airline/Vessel of arrival<br>MEXICO | Port of arrival<br>BROWNSVILLE-MATAMOR. TX | Date of arrival<br>08/24/2009 1608 |
| Visa number, type | Date, place of visa issuance | Social Security Number |

Reasons (include all pertinent facts concerning denial of application for admission, including use of altered, counterfeit or fraudulent documents):



**Right Index Finger**

On 08/24/2009, subject Castro, Yuliana Trinidad DOB: 07/15/1984, Castro, Laura Nancy
DOB: 04/22/1980 and Murayra De Castro, Trinidad DOB: 03/26/1956 attempted entry into the
US through the B&M Brownsville Port of Entry.  Subject Castro, Yuliana did not have a
US passport, only her Texas ID and a Texas birth certificate and receipt that she
applied for a US passport back in 1/15/09.  Subject Castro, Laura Nancy presented a US
passport (426692384).  Subject Trinidad Murayra De Castro presented a valid DSP150.
CBPO Eliseo Cabrera referred the vehicle and subject to Passport Control for further
inspection for possible midwife fraud.  Subject was advised of her rights via form 214
and her right to contact the Mexican Consulate which she declined. Yuliana Trinidad
Castro DOB: 07/15/1984 and Laura Nancy Castro DOB: 04/22/1980 were processed for
withdrawal in lieu of expedited removal under 212(a)(7)(A)(i) of the INA because they
had no direct knowledge of the fraud that had taken place and returned back to Mexico as
per CBP Supervisor Gerard Rohrbaugh and in concurrence CBP   ...(CONTINUED ON I-831)

                                                    Continue on reverse or attach separate sheet as needed.

ELISEO CABRERA                    CBP OFFICER

Name and Title of Office (Print)                          Signature of Officer

                                                          Form I-275 (Rev.04/01/87)N

SEP-11-2009 14:32 FROM:CBP RST CHIEFCOUNSEL 9567531785
Case 1:07-cv-00087 Document 130-1 Filed in TXSD on 09/09/09 Page 23 of 26

09/11/2009 09:29 9569835886 FAX APD PAGE 29

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation ...ge for Form ___I-213___

| Alien's Name | File Number Case No: BBM0908000155 A087 593 450 | Date 08/24/2009 |
|---|---|---|
| CASTRO, Laura Nancy | | |

possible midwife fraud. Subject was advised of her rights via form 214 and her right to contact the Mexican Consulate which she declined. Their mother, Trinidad Murayra De Castro, admitted under sworn oath that both her daughters were Citizens of Mexico and she had committed fraud to register both her daughters, Tuliana Trinidad Castro DOB: 07/15/1984 and Laura Nancy Castro DOB: 04/22/1980 as born in Brownsville, Texas when they were actually citizens and nationals of Mexico. Subject is inadmissible under Section 212(a)(6)(C)(i) of the INA. Subject's DSP-150 was cancelled and subject was processed for expedited removal, Tuliana Trinidad Castro DOB: 07/15/1984 and Laura Nancy Castro DOB: 04/22/1980 were processed for withdrawal in lieu of expedited removal under 212(a)(7)(A)(i) of the INA because they had no direct knowledge of the fraud that had taken place and returned back to Mexico as per CBP Supervisor Gerard Rohrbough and in concurrence CBP Chief Jesus Baez.

| Signature | Title |
|---|---|
| ELISEO CABRERA | CBP OFFICER |

___2___ of ___2___ Pages

Form I-831 Continuation Page (Rev. 6/12/92)

# Exhibit 3

Event No: BRM0908000153

FINS: 1094150226
U.S. Department of Justice
Immigration and Naturalization Service

# Withdrawal of Application for Admission/Consular Notification

File No. A067 592 451

Date: 08/24/2009

## Basis for Action (check all that apply)

☒  Application for Admission Withdrawn
☐  Visa/BCC Canceled
☐  VWPP Refusal
☐  Ordered removed (inadmissible) by Immigration Judge -Section 235(b)(2)(order attached)
☐  Ordered removed (inadmissible) by INS - Section 235(b)(1)(order attached)
☐  Waiver revoked (212)(d)(3) (order attached)
☐  Departure required (8 CFR 240.25) (Form I-213 attached)

Notice to: American Consul    Matamoros, Temaulipas, Mexico     From: USINS    BROWNSVILLE-GATEWAY, TX, DCB
                              (Location)                                        (Location)

| Name (FAMILY, Given, Middle) CASTRO, Yuliana Trinidad | | Date of birth 07/15/1984 |
|---|---|---|
| Citizenship MEXICO | Country of birth MEXICO | |
| Complete foreign address (Mailing Address | | |
| Complete U.S. address 695 BY JAMES DR BROWNSVILLE TEXAS 78521 | | |
| Airline/Vessel of arrival BR8766 | Port of arrival BROWNSVILLE-GATEWAY, TX | Date of arrival 08/24/2009 1434 |
| Visa number, type | Date, place of visa issuance | Social Security Number |

Reasons (Include all pertinent facts concerning denial of application for admission, including use of altered, counterfeit or fraudulent documents):





Right Index Finger

On 08/24/2009, subject Castro, Yuliana Trinidad DOB: 07/15/1984, Castro, Laura Nancy DOB: 04/22/1986 and Murayra De Castro, Trinidad DOB: 03/26/1956 attempted entry into the US through the B&M Brownsville Port of Entry.  Subject Castro, Yuliana did not have a US passport, only her Texas ID and a Texas Birth certificate and receipt that she applied for a US passport back in 1/15/09.  Subject Castro, Laura Nancy presented a US Passport (436592384).  Subject Trinidad Murayra De Castro presented a valid DSP150. CBPO Eliseo Cabrera referred the vehicle and subject to Passport Control for further inspection for possible midwife fraud.  During the inspection process information was obtained that both daughters of Murayra De Castro, Trinidad were in fact citizens and nationals of Mexico.  Subject was advised of his rights via form 214 which she affirmed her rights.  The mother Trinidad Murayra De Castro is inadmissible under Section 212(a)(6)(C)(i) of the INA.  Subject's DSP-150 was cancelled and subject was processed for expedited removal. Yuliana Trinidad Castro  ...(CONTINUED ON I-831)

Continue on reverse or attach separate sheet as needed.

ELISEO CABRERA              CBP OFFICER

Name and Title of Office (Print)                        Signature of Officer

                                                        Form I-275 (Rev.04/01/97)N

**U.S. Department of Justice**                              Continuation Page for Form _I275_
Immigration and Naturalization Service

| Alien's Name | File Number | Date |
|---|---|---|
| CASTRO, Yuliana Trinidad | A087 592 451 | August 24, 2009 |
| | Event No: BRM0908000153 | |

DOB: 07/15/1906 and Laura Nancy Castro DOB: 04/22/1980 were processed for withdrawal in lieu of expedited removal under 212(a)(7)(A)(i) of the INA because they had no direct knowledge of the fraud that had taken place and returned back to Mexico as per CBP Supervisor Gerard Rohrbough and in concurrence CBP Chief Jesus Baez.

| Signature | Title |
|---|---|
| ELISEO CABRERA | CBP OFFICER |

3 of 3 Pages

Form I-831 Continuation Page (Rev. 6/12/92)